1999–NMCA–155

993 P.2d 117

STATE of New Mexico,
Plaintiff–Appellee,

v.

Paul WHITLEY, Defendant–Appellant.

No. 19,863.

Court of Appeals of New Mexico.

Nov. 16, 1999.

Patricia A. Madrid, Attorney General, M. Victoria Wilson, Assistant Attorney General, Santa Fe, for Appellee.

Phyllis H. Subin, Chief Public Defender, Trace L. Rabern, Assistant Appellate Defender, Santa Fe, for Appellant.

## OPINION

WECHSLER, J.

{1}  Defendant Paul Whitley appeals the denial of his motion to suppress evidence obtained pursuant to a search warrant. He challenges the sufficiency of the affidavit used to obtain the warrant, contending that the issuing judge lacked probable cause to issue the warrant. We reverse the district court's denial of the motion to suppress.

{2}  The State charged Defendant with possession of marijuana with intent to distribute contrary to NMSA 1978, § 30–31–22 (1990). Defendant entered a plea of no contest, reserving his right to appeal the district court's denial of the motion to suppress. The affidavit reads in pertinent part:

3.  On Monday 11–17–97 affiant received information from a confidential source. The confidential source has assisted affiant and other law enforcement agencies with narcotic investigations. The confi-

dential source's information has lead [sic] to the seizure of controlled substances and many controlled substances related arrests. Confidential source has never given affiant false information.

4. Confidential source is familiar with marijuana and how it is packaged, sold, used and concealed. Confidential source is associated with users and sellers of marijuana.

5. Information received from the confidential source on 11–17–97 is that while at the Crane Motel, 1212 West Second, Room Number #24, the confidential source has observed Paul Whitley sell marijuana in the past (48) forty-eight hours.

6. On 11–17–97 affiant contacted a reliable and confidential informant. This informant has assisted affiant and other law enforcement personnel [sic] with narcotics investigations. Said informant has given affiant information [sic] on more than three occassions [sic] that have [sic] led to the recovery of controlled substances.

Said informant advised that a Paul Witley [sic] who is staying at the Crane Motel Room #24 has a loaded firearm. Informant advised that Paul is upset over the loss of his vehicle.

{3} "In reviewing the sufficiency of an affidavit submitted in support of the issuance of a search warrant, we apply a de novo standard of review." *In re Shon Daniel K.*, 1998–NMCA–069, ¶8, 125 N.M. 219, 959 P.2d 553. We review the affidavit by giving it a common-sense reading, considering the affidavit as a whole, to determine whether the issuing judge made an "informed, deliberate, and independent determination of probable cause." *State v. Lujan*, 1998–NMCA–032, ¶¶3, 6, 124 N.M. 494, 953 P.2d 29. We conclude that the issuing court did not have probable cause to grant the search warrant because the affidavit did not contain sufficient information of ongoing criminal activities and the information was therefore stale. *See State v. Lovato*, 118 N.M. 155, 158, 879 P.2d 787, 790 (Ct.App. 1994).

{4} The State shows, and Defendant does not disagree, that the information provided by the first confidential informant meets the *Aguilar–Spinelli* test adopted in *State v. Cordova*, 109 N.M. 211, 213, 784 P.2d 30, 32 (1989). *See also Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The affidavit indicates that the informant has provided truthful and reliable information in the past, satisfying the "credibility" or "veracity" prong. The affidavit also satisfies the "basis of knowledge" prong because the informant was in the motel room and personally observed Defendant selling marijuana.

{5} However, the affidavit contains another deficiency. "In New Mexico, before a valid search warrant may issue, there must be substantial evidence in the supporting affidavit to show: '(1) that the items sought to be seized are evidence of a crime; and (2) that the criminal evidence sought is located at the place to be searched.' " *State v. Sansom*, 112 N.M. 679, 681, 818 P.2d 880, 882 (Ct.App.1991) (quoting *State v. Herrera*, 102 N.M. 254, 257, 694 P.2d 510, 513 (1985)). Defendant attacks the second of these requirements. He contends that the first informant's information is unreliable for purposes of probable cause because it was stale under *Lovato*, 118 N.M. at 158, 879 P.2d at 790, as the information involved a motel room and was at least forty-eight hours old at the time the warrant was issued. In *Lovato*, the affidavit described a "controlled buy" in a motel room which had taken place within seventy-two hours prior to the completion of the affidavit. *See id.* at 156–57 n. 2, 879 P.2d at 788–89 n. 2. The affidavit did not indicate more recent activity, nor did it verify that the defendant was still at the motel room. *See id.* This Court held that under the facts of the case, the affidavit failed to support a conclusion that criminal activity in the motel room was of an ongoing nature. *See id.* at 158, 879 P.2d at 790.

{6} The State responds to this argument in several ways. First, the State contends that the affidavit can be read to infer that Defendant was "selling marijuana in the last forty-eight hours," implying an ongoing or

more recent operation. We do not agree with this response. The affidavit states that the confidential informant "has observed Paul Whitley sell marijuana in the past (48) forty-eight hours." We do not read this statement to mean that the informant observed continual transactions or that the transaction could have taken place more recently than forty-eight hours. To do so would permit the use of stale information which is made to appear current by inclusive language such as "in the past" or "within the past." *See Commonwealth v. Novak*, 233 Pa.Super. 236, 335 A.2d 773, 774 (1975) ("If [it was not the case that courts assume a transaction took place in the most remote part of a specified period], stale information could be made to appear current by the mere use of 'within' language."); 2 Wayne R. La-Fave, *Search and Seizure* § 3.7(b), at 359 (3d ed.1996). In addition, as in *Lovato*, the affidavit in the case on appeal did not include any information concerning the quantity of marijuana sold or any information that the informant observed other drugs or drug paraphernalia in the motel room, which would tend to indicate ongoing activity. *See Lovato*, 118 N.M. at 158, 879 P.2d at 790.

{7} Second, the State contends that, unlike in *Lovato*, the information was not stale because the affidavit does not rely on information concerning a single, controlled buy, but rather implies more than one sale because the sale of drugs is usually an ongoing activity. We do not perceive a distinction between a one-time controlled buy and an affidavit claiming observation of a sale of marijuana. As noted above, nothing in the affidavit indicates more than one transaction. The affidavit, therefore, should be read to mean only one transaction. *See In re Shon Daniel K*, 1998–NMCA–069, ¶ 9, 125 N.M. 219, 959 P.2d 553, (affidavits should be given a common-sense reading). We are confident that the affidavit would have clearly provided this information if there had been more than one observed transaction.

█ {8} Lastly, the State claims that this case is different from *Lovato* because the transaction was more recent and "it was reasonable for the magistrate to conclude that evidence of observed criminal activity in the very recent past would still exist in the motel room, regardless of who was occupying the room." While we agree that time plays a significant factor in determining whether the information is stale, *see Lovato*, 118 N.M. at 157, 879 P.2d at 789, there is no set formula. Indeed, staleness involves a variety of considerations, including not only time, but also the character of the crime and the extent of prior activity, the consumable or transferable nature of the items to be seized, the information known about the suspect and his or her habits, and the location to be searched. *See United States v. Myers*, 553 F.Supp. 98, 104 (D.Kan.1982) (" 'In resolving the question of staleness, the nature of the alleged criminal activity and the property to be seized must be considered.' ") (quoting *United States v. Schauble*, 647 F.2d 113, 116 (10th Cir.1981)); *Andresen v. State*, 24 Md.App. 128, 331 A.2d 78, 106 (Ct.Spec.App.1975), *aff'd*, 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976) ("The likelihood that the evidence sought is still in place is a function ... of variables that do not punch a clock: the character of the crime ..., of the criminal ..., of the thing to be seized ..., of the place to be searched."); 2 LaFave, *supra*, § 3.7(a), at 341. If an affidavit relies upon information that is too old, the likelihood that the evidence is still in place is diminished. *See United States v. Snow*, 919 F.2d 1458, 1459 (10th Cir.1990) ("Probable cause to search cannot be based on stale information that no longer suggests that the items sought will be found in the place to be searched.").

{9} Factors in addition to time posed problems in this case. The affidavit concerned the sale of marijuana, a highly consumable item. *See State v. Pargas*, 1997–NMCA–110, ¶ 22, 124 N.M. 249, 948 P.2d 267 ("Unlike drugs, which can be consumed or distributed, it is reasonable to infer that [d]efendant would hold onto a handgun for use at a later time."); *United States v. Lamb*, 945 F.Supp. 441, 460 (N.D.N.Y.1996); *State v. Gogg*, 561 N.W.2d 360, 367 (Iowa 1997). Further, Defendant's connection to the location named in the affidavit raises the time-related issue of the transient nature of a motel room. *See Lovato*, 118 N.M. at 159, 879 P.2d at 791 (Bivins, J., specially concurring). Even accepting that there was infor-

mation to support the belief that Defendant was still staying in the motel room, the question for the issuing court was whether it had probable cause to believe that evidence of the crime will still exist in the motel room. Because probable cause is a projection from past events to the future, it deals with uncertainties. *See State v. Garcia,* 79 N.M. 367, 368, 443 P.2d 860, 861 (1968) (stating that a probable cause determination involves the examination of reasonable probabilities); *Spinelli,* 393 U.S. at 419, 89 S.Ct. 584 ("[T]he probability, and not a prima facie showing, of criminal activity is the standard of probable cause."). The transient nature of a motel adds to the uncertainty. The greater the uncertainty, the more the probable cause equation requires continuing activity because it is the ongoing nature of the reported illegal activity that allows the inference that the activity is continuing and that the evidence will still exist.

{10} The affidavit herein is deficient in supplying details from which the issuing court could reasonably infer continuing drug activity. As in *Lovato,* it reports only one incident involving a highly consumable drug and fails to note any evidence of additional drug activity such as the quantity sold or the existence of drug paraphernalia. As a result, it did not provide the issuing court with probable cause to support the search warrant.

*Conclusion*

{11} We reverse the district court's decision and order and remand to the district court with instructions to grant the motion to suppress.

{12} **IT IS SO ORDERED.**

PICKARD, C.J., and SUTIN, J., concur.