This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                           **NO. 30,709**

**DARRELL AKERS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTEROCOUNTY**
**Jerry H. Ritter, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Works L.L.C.
John A McCall
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant appeals his convictions for three counts of battery upon a peace officer and one count of possession of drug paraphernalia. [RP 549] We proposed to

affirm in a notice of proposed summary disposition, and Defendant filed a memorandum in opposition and a motion to amend the docketing statement. Having considered the arguments raised by Defendant in his memorandum and motion and remaining unpersuaded, we affirm his convictions and deny his motion to amend the docketing statement.

**Motion to Suppress**

In his docketing statement, Defendant contends that the district court erred in denying his motion to suppress because officers exceeded the scope of the warrant and because the affidavit submitted in support of the warrant failed to establish probable cause. [DS 19-24] As to the scope of the warrant, we proposed to affirm, and Defendant has not challenged our proposed disposition, Therefore, for the reasons set forth in our notice of proposed summary disposition, we remain of the opinion that the district court did not err in finding that the officers did not exceed the scope of the warrant in conducting the search.

As to the sufficiency of the affidavit submitted in support of the warrant, Defendant claims that the affidavit was insufficient because the information provided by the confidential informant (CI) failed to meet either prong of the test articulated by our Supreme Court in *State v. Cordova*, 109 N.M. 211, 784 P.2d 30 (1989). [DS 17] *See id.* at 213, 784 P.2d at 32 (adopting the two-prong "*Aguilar-Spinelli* test"

2

articulated by the United States Supreme Court in *Aguilar v. Texas*, 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964), and *Spinelli v. United States*, 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969), which requires the affidavit to include: (1) facts establishing an informant's "basis of knowledge" and (2) facts showing the informant's "veracity"). In our notice of proposed summary disposition, we reviewed the information contained in the affidavit submitted in support of the search warrant and proposed to hold that the information supplied in the affidavit was sufficient to establish probable cause.

In his memorandum in opposition, Defendant challenges our proposed disposition on each prong of the *Aguilar-Spinelli* test. [MIO 16-23] Turning to the second prong first, Defendant argues that the affidavit is insufficient because it fails to establish the veracity or credibility of the CI. [MIO 17-20] He cites to this Court's opinion in *State v. Therrien,* 110 N.M. 261, 794 P.2d 735 (Ct. App. 1990), *overruled on other grounds by State v. Barker,* 114 N.M. 589, 594, 844 P.2d 839, 844 (Ct. App. 1992), in support of his contention that the affiant is merely vouching for the CI and fails to provide specifics from which the issuing court could make a determination as to the CI's credibility. [MIO 18-19] We disagree.

In *Therrien*, this Court found the officer's statement in the affidavit that "he knew the informant to be reliable" insufficient to establish credibility. *Therrien*, 110

3

N.M. at 263, 794 P.2d at 737. In this case however, the affiant gives additional facts establishing the CI's credibility beyond his mere knowledge that the CI is reliable. The affiant states that the CI "has provided information that has been confirmed through additional investigation" and previously purchased narcotics for law enforcement in a controlled buy environment." [RP 225] As discussed more fully in our notice of proposed summary disposition, these statements are sufficient to establish the CI's credibility or reliability. *See Cordova*, 109 N.M. at 217-18, 784 P.2d at 36-37 (finding a CI to be credible based upon the affiant's statement that the informant had provided information in the past which the affiant found to be true and correct from personal knowledge and investigation); *State v. Steinzig*, 1999-NMCA-107, ¶ 18, 127 N.M. 752, 987 P.2d 409 (noting that an informant's reliability may be established by showing that the informant has previously given police officers reliable information), *limited on other grounds by State v. Williamson*, 2009-NMSC-039, ¶ 29, 146 N.M. 488, 212 P.3d 376.

Defendant also challenges our proposed holding on the first prong contending that the affidavit fails to contain sufficient information to establish the CI's knowledge because the statement that a CI has "first hand personal knowledge" is not sufficient. [MIO 20-23] *See State v. Baca*, 97 N.M. 379, 381, 640 P.2d 485, 487 (1982). We are unpersuaded because in this case the CI's basis of knowledge is established by

4

statements that the CI had personally observed methamphetamine and manufacturing materials within the last 72 hours at the place to be searched. *Cf. State v. Whitley*, 1999-NMCA-155, ¶ 4, 128 N.M. 403, 993 P.2d 117 (holding that the basis of knowledge requirement was met where, among other considerations, the informant personally observed the defendant selling marijuana), *limited on other grounds by Williamson*, 2009-NMSC-039, ¶ 29.

Finally, we disagree with Defendant's contention that the statement that the CI saw methamphetamine and equipment "associated with" the manufacture of methamphetamine and saw materials that are "consistent with [a] methamphetamine lab" is insufficiently detailed to support an inference that the CI actually saw methamphetamine and manufacturing materials. [MIO 22] Instead, applying a common sense reading to that statement and "the reasonable inferences that may be drawn therefrom, provide[s] a substantial basis for determining that there is probable cause to believe that a search will uncover evidence of wrongdoing." *Williamson*, 2009-NMSC-039, ¶ 29; *cf. State v. Donaldson*, 100 N.M. 111, 116, 666 P.2d 1258, 1263 (Ct. App. 1983) (providing that great deference should be given to the magistrate's determination that probable cause supports issuance of a search warrant, and that, in reviewing an affidavit, we apply a common sense reading).

Based upon the foregoing, and for the reasons set forth in our notice of

proposed summary disposition, the district court did not err in denying Defendant's motion to suppress because the affidavit submitted in support of the warrant established the requisite probable cause.

**Sufficiency of the Evidence to Support Defendant's Convictions for Battery Upon a Peace Officer.**

In our notice of proposed summary disposition, we engaged in an extensive review of the evidence as gleaned from the record proper and proposed to hold that there was sufficient evidence to support Defendant's convictions for three counts of battery upon a peace officer. [RP 231-476] In his memorandum in opposition, Defendant disagrees with our proposed disposition claiming that the officers were not acting within their legal authority because they were only authorized to detain him while executing the warrant, yet Officer Gonzales admitted his goal was to arrest Defendant. [MIO 24-27] We disagree.

Initially, we note it is irrelevant whether Cheryl Akers resisted because Defendant never claimed his actions were justified by his need to protect his wife. [MIO 24] Furthermore, for the reasons set forth in our previous notice, we disagree that the arrest was illegal or that the officers used excessive force. [MIO 25-35] For example, at the point Officer Gonzales admitted that his intention was to arrest Defendant, [RP 378; MIO 24-25] Defendant had already resisted the officers by running back inside, locking the door and refusing to answer, and then exiting through

6

another door. [DS 12; RP 135, 246-247, 272-273, 327] Moreover, there was evidence that Officer Gonzales only attempted to arrest Defendant after he resisted efforts to subdue him and handcuff him. [RP 144, 147, 304, 358, 367, 378] *Cf. State v. Barragan,* 2001-NMCA-086, ¶ 13, 131 N.M. 281, 34 P.3d 1157 (stating that, a defendant's furtive behavior, delay in complying with orders, and the "inherently dangerous nature of the crime for which he was suspected," is enough to justify securing the suspect's hands for purposes of officer safety during an investigation even though there were a number of officers present).

Defendant claims there was other evidence suggesting that his behavior was "peaceable," [MIO 25] and evidence and testimony indicating he was complying with the officers' demands yet they reacted with a use of excessive force. [MIO 27] He also claims that the officers' testimony is "rife with internal and external inconsistencies" which undermine their version of the events. [MIO 28-31] We are unpersuaded any such inconsistencies or evidence supporting acquittal warrants reversal of Defendant's convictions. *Cf. State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (noting that we may disregard the evidence in favor of acquittal when considering sufficiency). It was up to the district court, acting as fact finder, to resolve any such conflicts and inconsistencies in the evidence, and we will not re-weigh the evidence or substitute our judgment for that of the fact finder so long

7

as there is sufficient evidence to support the verdict. *See State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789.

Finally, we note that Defendant appears to argue that the officers used excessive force because they had been erroneously briefed as to his allegedly violent propensities before they attempted to execute the warrant. [MIO 6, 23, 34] Defendant notes that in a previous case, he had been charged with, and subsequently acquitted of, aggravated assault upon a peace officer. [MIO 6] *See generally State v. Akers*, 2010-NMCA-103, 149 N.M. 53, 243 P.3d 757. He then claims that the information provided to the officers as to the earlier altercation was patently incorrect. [MIO 34] We are unpersuaded.

Our review of the earlier altercation indicates that Defendant was indeed acquitted of the charges of aggravated assault on a peace officer, but apparently because the jury determined that Defendant did not know that the persons attempting to restrain him, including the person he allegedly assaulted, were police officers. *See id.* ¶¶ 14-15, 24. It has not yet been determined in that case whether Defendant may still be convicted for his actions in resisting, evading, or obstructing an officer as those convictions were reversed because the jury was not properly instructed as to the State's burden to prove that Defendant knew the persons attempting to detain him were police officers. *Id.* ¶ 25. As the earlier case involved the question of whether

8

Defendant knew that the persons attempting to detain him were police officers, we are not convinced that any briefing given to the officers in this case as to Defendant's potentially violent propensities warrants a finding that the officers used excessive force as a matter of law.

Therefore, based upon the analysis set forth above and contained in our notice of proposed summary disposition, there was sufficient evidence to support Defendants' convictions for aggravated battery upon a peace officer.

**Ineffective Assistance**

In his docketing statement, Defendant claims his trial counsel was ineffective in four ways. [DS 18] He claims counsel failed to: (1) assert or argue self-defense as a defense to the battery charges; (2) assert or argue that the agents unlawfully arrested Defendant; (3) order or set forth lesser-included offenses; and (4) pursue a motion to reveal the identity of the CI. [DS 18; RP 214-221] In our notice of proposed summary disposition, we proposed to affirm on all four contentions finding that counsel was not ineffective and to the extent any errors were made, Defendant was not prejudiced.

In his memorandum in opposition, Defendant reasserts his contention that trial counsel was ineffective in failing to assert or argue self-defense or unlawful arrest because his "most plausible defense was that he acted in self[]defense and that the

officers were not in lawful discharge of their duties." [MIO 37, 39] For the reasons set forth in our notice of proposed summary disposition, we disagree and reiterate our observation that defense counsel fully presented Defendant's theory that his actions were justified because the officers acted unlawfully and used excessive force. [RP 166, 444-45, 457, 465-68]

Defendant is correct that in *State v. Kraul*, 90 N.M. 314, 319, 563 P.2d 108, 113 (Ct. App. 1977), this Court distinguished between the "[t]he right of self defense against a police officer" and the "right to resist an unlawful arrest." [MIO 37] However, in that case, the jury instruction given was erroneous because it was only directed at the lawfulness of the arrest; "it did not cover the right to defend against excessive force whether or not the arrest was unlawful." *Id.* In this case, defense counsel clearly articulated an argument that Defendant was attempting to resist excessive force in addition to arguing that the arrest was unlawful. Therefore, counsel was not ineffective in failing to clearly articulate a theory of self defense or a theory that the arrest was unlawful.

As to Defendant's third and fourth claims that counsel was ineffective in failing to set forth or argue that Defendant committed the lesser included offense of battery and failing to move to ascertain the identity of the CI, we affirm for the reasons set forth in our notice of proposed summary disposition.

10

**Motion to Amend the Docketing Statement**

Defendant seeks to amend his docketing statement to add two new issues. [MIO 35-36, 41-43] Under Rule 12-208(F) NMRA, this Court "may, upon good cause shown, allow the amendment of the docketing statement." In cases assigned to the summary calendar, this Court will deny a motion to amend the docketing statement if it raises issues that are not viable. *State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *superceded by rule as stated in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

As his first new issue, Defendant challenges the sufficiency of the evidence to support his conviction for possession of drug paraphernalia. [MIO 35-36] To convict Defendant of possession of drug paraphernalia, the State had to prove beyond a reasonable doubt that Defendant had drug paraphernalia in his possession and he used or possessed these items with the intent to use them to pack, process, prepare or ingest, inhale, inject, or otherwise introduce a controlled substance into the human body. NMSA 1978, § 30-31-25.1(A) (2001); *see* NMSA 1978, § 30-31-2(V) (2009) (defining what constitutes drug paraphernalia); *State v. Lopez*, 2009-NMCA-127, ¶ 33, 147 N.M. 364, 223 P.3d 361. In our notice of proposed summary disposition, we set forth the standard applied by this Court in reviewing a conviction for substantial evidence. *See Rojo*, 1999-NMSC-001, ¶ 19; *State v. Apodaca*, 118 N.M. 762, 765-66,

11

887 P.2d 756, 759-60 (1994).

Defendant contends there was insufficient evidence because there was no evidence connecting the drug paraphernalia to him. [MIO MIO 36] Specifically, he notes that no one did a fingerprint analysis of the marijuana pipes; there was evidence Cheryl Akers and Defendant lived in different parts of the home; Cheryl resided in the room where some of the drug paraphernalia was found; no investigation was done as to who lived in the bedroom where another pipe was found; the pipe found in the bathroom was in a common area, and two others were found in a shed covered in dust. [RP 332, 405, 407, 409, 437-438; MIO 36] We are unpersuaded.

First, Defendant failed to apprise us of the evidence introduced in support of the conviction but instead merely informs us of the evidence negating a finding of possession. *See* Rule 12-208(D)(3) NMRA; *Thornton v. Gamble,* 101 N.M. 764, 769, 688 P.2d 1268, 1273 (Ct. App. 1984) (requiring the appellant to set forth all evidence relevant to the issues); *cf. Rojo*, 1999-NMSC-001, ¶ 19 (noting that we may disregard the evidence in favor of acquittal when considering sufficiency). Our review of the record suggests there was other evidence indicating that Defendant possessed the drug paraphernalia, or exercised the requisite control over the paraphernalia to constitute possession. *Cf.* UJI 14-3130 NMRA (stating in part that a person may be found to be in possession of a controlled substance if he knows where it is, and exercises control

12

over it and stating that "[t]wo or more people can have possession of a substance at the same time"). The evidence in the record indicates that marijuana pipes and other paraphernalia were found in locations other than in the bedroom of Cheryl Akers including in the shed, in another bedroom, and in the bathroom. [RP 119, 152-153, 157, 332, 390-394] Moreover, Defendant himself testified that the box where some of the pipes were found belonged to him, and he admitted that he knew of the marijuana bong in the bathroom. [RP 460] Finally, Cheryl Akers testified that she never went into the shed suggesting that any paraphernalia found there belonged to Defendant. [RP 439]

As Defendant failed to apprise us of the evidence introduced in support of his conviction, and because the record indicates there was additional evidence introduced at trial in support of the possession conviction, we deny his motion to amend his docketing statement to include a challenge to the sufficiency of the evidence to support his conviction for possession of drug paraphernalia. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (denying a motion to amend the docketing statement based upon a finding that the motion and the argument offered in support thereof were not viable).

As his second new issue, Defendant contends that the district court abused its discretion in sustaining objections when Defendant's second trial counsel, Venie,

questioned his first counsel, Holmes, in a manner calling for Holmes' legal opinions. [MIO 41-43] He contends the district erred because legal expert testimony is admissible to establish that an attorney breached the standard of care thus damaging his client and cites to *Andrews v. Saylor*, 2003-NMCA-132, ¶ 17, 134 N.M. 545, 80 P.3d 482, in support of this contention. [MIO 42-43] He claims the district court wrongfully disregarded Holmes' expertise as a criminal attorney and his expert testimony in this area should have been admitted. [MIO 43]

We are unpersuaded for three reasons. First, contrary to Defendant's contentions, [MIO 42] the district court did not sustain objections to the entire line of questioning asking for a legal conclusion. [MIO 42; RP 509-510] Instead, Holmes answered certain questions asking for his legal opinion, but the court sustained the State's objection when the questions were leading or vague. [RP 509-510] Second, this is not a legal malpractice case, so the principles announced in *Andrews* do not apply. *See id.* (recognizing that in a legal malpractice cases expert testimony is admissible to establish that an attorney breached the standard of care). Third, Holmes was being questioned as a fact witness not as a "legal expert." *See id.* He was being questioned as to the adequacy of his representation of Defendant during trial, and his answers provided an explanation for some of the strategic decisions he made while representing Defendant. [RP 509-510]

14

In light of the information contained in the record, to whatever extent the district court refused to allow Holmes to provide additional testimony regarding his legal theories or conclusions, the district court did not abuse its discretion in so doing. Therefore, we deny Defendant's motion to amend his docketing statement to include this issue because it is not viable.

**CONCLUSION**

For the reasons set forth above as well as those set forth in our notice of proposed summary disposition, we deny Defendant's motion to amend the docketing statement and affirm his convictions.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**CYNTHIA A. FRY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**