This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellant,

v.                               **NO. 31,481**

**DIEGO GARCIA,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellant

Ahmad Assed
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**FRY, Judge.**

The State appeals an order granting Defendant's motion to suppress. We proposed to affirm in a notice of proposed summary disposition. The State filed a memorandum in opposition and a motion to supplement the record to include a copy

of the affidavit and search warrant which were missing from the record proper at the time we issued our notice of proposed summary disposition. The State's motion to supplement the record proper was granted. After reviewing the State's memorandum in opposition and the information contained in the affidavit submitted in support of the search warrant, we remain unpersuaded by the State's arguments and thus affirm the district court's order granting the motion to suppress.

In our notice of proposed summary disposition, we observed that a search warrant may only issue upon a finding of probable cause. *See State v. Nyce*, 2006-NMSC-026, ¶ 9, 139 N.M. 647, 137 P.3d 587, *limited on other grounds by State v. Williamson*, 2009-NMSC-039, ¶ 29, 146 N.M. 488, 212 P.3d 376; *see also* Rule 5-211 NMRA. We will uphold an issuing court's determination of probable cause "if the affidavit provides a substantial basis to support a finding of probable cause." *Williamson*, 2009-NMSC-039, ¶ 29. We do not substitute our judgment for "that of the issuing court [but instead we] determine whether the affidavit as a whole, and the reasonable inferences that may be drawn therefrom, provide a substantial basis for determining that there is probable cause to believe that a search will uncover evidence of wrongdoing." *Id.* In *Williamson*, our Supreme Court explained that "the substantial basis standard of review is more deferential than the de novo review

applied to questions of law, but less deferential than the substantial evidence standard applied to questions of fact." *Id.* ¶ 30.

In its docketing statement, the State challenged the district court's finding that the affidavit did not provide sufficient information that narcotics would be found at Defendant's residence, and the finding that the information provided by the confidential informant ("CI") was insufficiently corroborated by independent police officer investigation. [DS 7; RP 49-50] We proposed to affirm because our understanding of the information contained in the affidavit led us to conclude that the district court correctly determined that the material in the affidavit was insufficient to support a determination of probable cause that narcotics would be found at 6219 Marigold Ct., NW at the time the warrant issued. [RP 49] *See generally State v. Whitley,* 1999-NMCA-155, ¶ 5, 128 N.M. 403, 993 P.2d 117 (recognizing that the affidavit must provide reasonable grounds to conclude "(1) that the items sought to be seized are evidence of a crime[,] and (2) that the criminal evidence sought is located at the place to be searched" (internal quotation marks and citation omitted)), *limited on other grounds by Williamson*, 2009-NMSC-039, ¶ 29. We noted that there is nothing in the affidavit indicating when the CI saw the narcotics at Defendant's residence or if the CI saw narcotics at Defendant's house more than just once. [RP 50] Instead, the affidavit only indicates that the CI saw "a large quantity" of narcotics

at Defendant's residence at some unspecified point in the past, that the CI saw Defendant with narcotics within the past thirty days at someone else's house, and that the CI saw Defendant trafficking a large quantity of cocaine on more than one occasion within the past sixty days, but at an unspecified location. [Aff. 4]

Our examination of the affidavit attached to the memorandum in opposition, confirms our impression that it fails to provide sufficient detail to support the issuing of the search warrant. [Aff.4-6] As previously discussed, the affidavit fails to give any indication as to when the CI saw the narcotics at Defendant's residence or whether he saw the drugs more than once. [Aff. 4] Therefore, there is no way to determine whether any of the "large quantity" of narcotics observed by the CI at some point in the past remained by the time the warrant issued. *See Whitley*, 1999-NMCA-155, ¶ 10 (holding that an affidavit that "report[ed] only one incident involving a highly consumable drug and fail[ed] to note any evidence of additional drug activity such as the quantity sold or the existence of drug paraphernalia . . . did not provide the issuing court with probable cause to support the search warrant"); *cf. State v. Vest*, 2011-NMCA-037, ¶ 22, 149 N.M. 548, 252 P.3d 772, (holding that the affidavit failed to establish the requisite probable cause because "there was no timely corroboration of the informant's information [and even though] the affiant had observed suspicious activity that was consistent with drug trafficking, and his observations were further

consistent with the informant's observations, the affiant could not corroborate the reliability of the informant's report that [the d]efendant had present possession of marijuana"), *cert. granted,* 2011-NMCERT-005, ___ N.M. ___, ___ P.3d ___.

In our proposed notice, we also reviewed the remainder of the affidavit to determine if other information contained therein could contribute to a finding of the requisite probable cause. *Williamson*, 2009-NMSC-039, ¶ 29 (noting that, on review we consider the affidavit as a whole). As to any corroboration provided by the concerned citizen informant ("CC"), we observed that the affidavit only states that an unidentified CC knew a different "trustworthy individual" who told the CC that drug trafficking took place at Defendant's residence. [Aff. 6; RP 26, 40] Neither the basis of the knowledge of the "trustworthy individual" nor the trustworthiness nor reliability of the CC nor the trustworthy individual is established. *See State v. Cordova*, 109 N.M. 211, 213 n.2, 784 P.2d 30, 32 n.2 (1989) (adopting the two-prong "*Aguilar-Spinelli* test" articulated by the United States Supreme Court in *Aguilar v. Texas*, 378 U.S. 108 (1964), and *Spinelli v. United States*, 393 U.S. 410 (1969), which requires the affidavit to include: (1) facts establishing an informant's "basis of knowledge" and (2) facts showing the informant's "veracity").

In its memorandum in opposition, the State relies on the inherent reliability of a citizen informant. [MIO 4, 7] *See In re Shon Daniel K.,* 1998-NMCA-069, ¶ 13,

125 N.M. 219, 959 P.2d 553 (recognizing that information provided by an identified citizen-informant "generally carries with it a presumption of reliability"), *limited on other grounds by Williamson*, 2009-NMSC-039, ¶ 29. However, in this case even if the CC was inherently reliable, its information was allegedly derived from another trustworthy individual who is never identified and thus there are no facts establishing the trustworthy individual's basis of knowledge or veracity. *See In re Shon Daniel K.*, 1998-NMCA-069, ¶ 13 (stating that any presumptions that a citizen informant is reliable may vanish if that informant remains unidentified without explanation or if "the affidavit is silent as to other facts corroborative of the informant's status" and holding that "[a]n affidavit which merely sets forth a generic recitation that an individual is a 'citizen-informant' is insufficient to raise an inference that the informant is credible").

The State also relies on what it characterizes as evidence of Defendant's "continuing or ongoing [criminal] operation" in the affidavit. [MIO 3-4, 6-7] Even if the affidavit does establish that Defendant may have been involved in ongoing criminal activities with other persons including Joe Garcia and Joe Garcia, Jr., there is nothing to establish probable cause that these activities took place at Defendant's residence, the address that was the subject of the warrant. [MIO 4] Instead, the affidavit indicates that much of the criminal activity took place elsewhere. [Aff. 4-5]

6

As to any corroboration of the CI's information by the officers' own investigation, we observed that the officers' investigation only established that at some point in the 72 hours before the warrant issued and at least four days before it was executed, Defendant twice drove to houses known to be associated with drugs and briefly stayed at each house. [Aff. 6; MIO 4-5, 8] There is no indication that Defendant took any contraband back to his house or that anyone came to Defendant's residence seeking narcotics. [Aff. 6] To the contrary, the State expressly acknowledges that it was unlikely Defendant conducted much trafficking from his residence. [MIO 6; Aff. 4]

Finally, the State challenges our reliance on the district court's characterization of the activities observed by the officers as consistent with "innocent coming and going." [MIO 8; RP 50] *See Nyce*, 2006-NMSC-026, ¶ 14 (stating that mere suspicion about ordinary, non-criminal activities does not provide probable cause); *cf. State v. Doe*, 103 N.M. 178, 182, 704 P.2d 432, 436 (Ct. App. 1984) (stating that heavy traffic to and from a defendant's home supports an inference that the defendant is trafficking drugs). [MIO 8] The State is correct that, on review we determine whether the issuing court was correct in its determination that the affidavit was sufficient to establish probable cause. *See Williamson*, 2009-NMSC-039, ¶ 29. However, after reviewing the affidavit, we remain convinced the issuing court was

incorrect in issuing the warrant because there was a lack of any information as to when the CI saw narcotics at Defendant's residence and a lack of any significant corroborating information supplied by the citizen informant or the officers' own investigation. Thus we affirm the district court's finding that the affidavit failed to establish probable cause justifying the warrant because it failed to support a conclusion that narcotics would be found at Defendant's residence at the time the warrant issued and was executed by police officers.

**CONCLUSION**

For the reasons set forth above as well as those discussed in our notice of proposed summary disposition, we affirm the district court's order granting Defendant's motion to suppress.

**IT IS SO ORDERED.**

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

**CELIA FOY CASTILLO, Chief Judge**

**TIMOTHY L. GARCIA, Judge**