This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                         No. 32,845

**LIONEL VALLEJO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Lisa B. Riley, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Bauer, Acting Chief Public Defender
Santa Fe, NM
Jason L. Clark, Assistant Public Defender
Carlsbad, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1}     Defendant filed an application for interlocutory appeal, seeking review of the district court's denial of his motion to suppress the evidence obtained from a motel room based on a search warrant that he contends is not supported by probable cause. We granted Defendant's application for interlocutory appeal and issued a notice of proposed summary disposition, proposing to reverse. The State has responded to our notice with a memorandum in opposition. We remain unpersuaded that the affidavit upon which the search warrant was based contained sufficient facts to support probable cause. We, therefore, reverse the district court's denial of Defendant's motion to suppress the evidence obtained as a result of the search.

**Grant of Interlocutory Appeal**

{2}     In this appeal, the State has expressed strong concerns about this Court granting Defendant's application for interlocutory appeal. The State complains that Defendant has no right to an appeal at this time and renews its objection to the application on grounds that Defendant presents us with a routine suppression motion, following the resolution of which he could either be convicted or enter into a conditional plea and then appeal. [MIO 6; State's 1st Objection 1-2; State's 2nd Objection 1-4, 7-9] The State also complains that we granted interlocutory appeal without the benefit of a record proper and emphasizes that two judges approved the warrant. [MIO 1-2, 6, 11]

**{3}** While we recognize that Defendant does not have an appeal as of right from a denial of suppression, the statute permits a defendant to seek appeal from an interlocutory order of the district court. *See* NMSA 1978, Section 39-3-3(A)(3) (1972). It is discretionary with the district court whether to certify its decision for interlocutory appeal, and it is discretionary with this Court whether to grant review of an interlocutory decision. *See* § 39-3-3(A)(3). These decisions are guided in part by whether (1) the order involves a controlling question of law on which there is substantial ground for difference of opinion, and (2) resolution of the question will materially advance the ultimate termination of the litigation. *See* Rule 12-203(B) NMRA; Section 39-3-3(A)(3). We recognize that this Court rarely grants an interlocutory appeal from the denial of a motion to suppress evidence in a criminal case. However, we hold that our discretion to grant an interlocutory appeal was appropriately exercised in this case. The certified issue is one of law and concerns a threshold matter which involves strictly documentary evidence. A limited record is thus sufficient for our purposes. Also important, it seems clear to this Court that it was error to conclude that the affidavit provided probable cause for a search warrant.

**The Affidavit for the Search Warrant**

**{4}** Our notice proposed to hold that the affidavit for the search warrant did not detail sufficient direct or circumstantial evidence from which reasonable inferences

could be drawn to support the determination of probable cause. *See State v. Trujillo*, 2011-NMSC-040, ¶ 19, 150 N.M. 721, 266 P.3d 1 ("Rather, it is the reviewing judge's duty to determine whether the affidavit as a whole, and the reasonable inferences that may be drawn therefrom, provide a substantial basis for determining that there is probable cause to believe that a search will uncover evidence of wrongdoing." (internal quotation marks and citation omitted)). Specifically, we expressed concern that the affidavit did not contain sufficient information to suggest ongoing criminal drug activity in a motel room to justify the search warrant and avoid staleness. *See State v. Whitley*, 1999-NMCA-155, ¶ 9, 128 N.M. 403, 993 P.2d 117 ("The transient nature of a motel adds to the uncertainty.").

{5}    The greater the uncertainty, the more the probable cause equation requires continuing activity because it is the ongoing nature of the reported illegal activity that allows the inference that the activity is continuing and that the evidence will still exist." *State v. Lovato*,1994-NMCA-042, ¶ 10, 118 N.M. 155, 879 P.2d 787 ("Although seventy-two hours is not necessarily an extensive amount of time between a reliable informant's observation and issuance of a search warrant, under the facts and circumstances of the instant case, the affidavit fails to support a conclusion that criminal activity at the motel room was of an ongoing, continuous nature . . . ."). As we stated in our notice, "staleness involves a variety of considerations, including not

only time, but also the character of the crime and the extent of prior activity, the consumable or transferable nature of the items to be seized, the information known about the suspect and his or her habits, and the location to be searched." *Whitley*, 1999-NMCA-155, ¶ 8.

{6} Where the suspected illegality in a motel involves drug activity, involving highly consumable drugs, our case law has held that the uncertainty about the future presence of illegal drug activity is great, and the affidavit should include recent information. *See id.* ¶¶ 9-10. With no description of the amount of drugs or drug activity observed, the *Whitley* Court determined that the affidavit describing a controlled buy of marijuana in a motel room forty-eight hours before the issuance of the warrant was insufficient. *See id.* ¶¶ 6-10. In *Lovato*, the Court held that the affidavit was insufficient where it contained information seventy-two hours old; it did not establish the suspects' relationship to the motel room or the amount of drugs in the room or the presence of drug paraphernalia; and it contained no information describing "the number, names, sex, physical appearance, or prior history of the individuals who were allegedly dealing drugs in the motel room." *Lovato*, 1994-NMCA-042, ¶ 10.

{7} Our notice explained that the affidavit for the search warrant in the current case had similar deficiencies as the affidavits in *Whitley* and *Lovato*. The affidavit at issue

5

here stated that within the last seventy-two hours, the confidential informant observed a "large quantity of methamphetamine" and "numerous drug transactions" occurring "from" a specified motel room, described from the outside. [See affidavit 3] The affidavit described two people only by race, weight, height, and the presence or absence of visible tattoos. [See affidavit 2] The affidavit did not further identify the individuals or state why they should be searched; it did not link these individuals in any way to the methamphetamine or the room; it did not give any indication of how long drug activity might have been or would be occurring; and it did not state any prior history or habits of the individuals. Also, the affidavit did not state the amount of methamphetamine that was observed or how many drug transactions were observed. Lastly, the confidential informant did not provide any information from inside the room that would suggest ongoing criminal activity, such as drug and trafficking paraphernalia or the amount of methamphetamine in the possession of the occupants. Based on the sparse information in the affidavit, we proposed to hold that *Whitley* and *Lovato* control and require reversal for insufficient direct or circumstantial evidence from which reasonable inferences of ongoing criminal activity after seventy-two hours could be drawn to support probable cause.

{8}     In response to our notice, the State points out that Defendant admitted that he stayed in the motel room "a couple of nights." [MIO 12] Probable cause must be

found "within the four corners of the affidavit," however, and Defendant's admission was not in the affidavit. *See State v. Haidle*, 2012-NMSC-033, ¶ 40, 285 P.3d 668 (noting the "constitutional requirement of a written showing of probable cause and the requirement that probable cause be available to a reviewing court within the four corners of the affidavit"). Also, the value in Defendant's admission seems doubtful. We fail to see why his stay at the hotel for "a couple of nights" tends to show recent or ongoing criminal activity to assist the issuing judge in making a probable cause determination.

{9}     The State makes no other factual assertions and, more importantly, does not dispute our reading of the affidavit. The State maintains that the time period was sufficiently recent based on all of the circumstances. [MIO 13] The State does not, however, refer us to case law to support its position and does not analyze or distinguish the cases upon which our notice relied. We are not persuaded.

{10}     For the reasons stated in our notice and in this Opinion, we reverse the district court's denial of Defendant's motion to suppress.

{11}     **IT IS SO ORDERED.**

---

**MICHAEL D. BUSTAMANTE, Judge**

7

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**J. MILES HANISEE, Judge**