1998-NMCA-032

953 P.2d 29

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Samuel LUJAN, Doris Lujan, and Jimmy Lujan, Defendants–Appellees.**

No. 17449.

Court of Appeals of New Mexico.

Dec. 15, 1997.

Certiorari Denied Feb. 3, 1998.

Tom Udall, Attorney General, M. Anne Wood, Assistant Attorney General, Santa Fe, for Appellant.

Monica D. Munoz, Albuquerque, for Appellee Samuel Lujan.

Jacquelyn Robins, Albuquerque, for Appellee Doris Lujan.

Serapio L. Jaramillo, Albuquerque, for Appellee Jimmy Lujan.

## OPINION

WECHSLER, Judge.

¶1 The State appeals from an order of the district court suppressing evidence obtained pursuant to a search warrant. The issue raised on appeal is whether the district court erred in granting the motion to suppress. We reverse.

¶2 Defendants were charged with trafficking by possession with intent to distribute heroin, conspiracy to commit trafficking by distribution of heroin, and possession of marijuana. Defendant Jimmy Lujan was charged with the additional counts of tampering with evidence and possession of drug paraphernalia. Defendants moved to suppress the evidence obtained by police during a search pursuant to a search warrant. Defendants' motion to suppress attacked the sufficiency of the affidavit submitted to obtain the search warrant on the ground that the facts in the affidavit did not establish probable cause. The affidavit stated in pertinent part as follows:

In Affiant's capacity as a narcotics agent with the New Mexico State Police, Affiant met with a confidential informant, who in the past, has provided information to law enforcement officials. The information that the confidential informant provided to law enforcement officials has been true and correct. The confidential source in question has provided information to the New Mexico State Police which has resulted in the seizures of quantities of illegal narcotics which have resulted in the convictions of numerous individuals involved in drug trafficking. Affiant has never found or known this informant's information to be untrue. The confidential informant knows that supplying false or misleading information could be a criminal act and will void all agreements made with police officials. The informant is not "working off" any criminal charges, but is seeking a monetary reward for assistance to law enforcement officials.

Affiant states that within the last 72 hours, Affiant met with the confidential informant for the purposes of arranging a controlled purchase of heroin. The confidential source told Affiant that an individual known to it by the name of Sam Lujan, was trafficking in heroin from the above described premises.

Prior to the controlled purchase, Affiant searched the confidential informant for drugs and monies, none of which were found. The confidential source was then provided with a sum of money and told to proceed to the area of where the drug purchase was to be made. At that location, the confidential informant was observed as it walked up to the above described premises. The informant spent approximately five minutes at the location at which time, it left and met with Affiant at a prearranged location, and it was under constant [surveillance] the entire time, until it met with [A]ffiant, and it went no-

where else prior to meeting [A]ffiant. Affiant was given a packet of suspected heroin which the informant said it purchased from the individual it knows as Sam Lujan. The informant stated that it purchased the suspected heroin directly from Sam Lujan inside 1001 Fairhaven, S.W. The informant stated that Sam Lujan had a substantial amount of heroin. The informant has told Affiant that Sam Lujan will not sell to individuals who he does not know to be heroin addicts. Informant was again searched for monies or drugs, none of which were found.

¶ 3 Constitutionally, magistrates and judges must make an informed, deliberate, and independent determination of probable cause based upon sufficient details contained in the affidavit. *State v. Cordova,* 109 N.M. 211, 213, 784 P.2d 30, 32 (1989). The use of unnamed confidential informants to show probable cause requires the examining judge to make an independent determination under the two-prong test set forth in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), adopted as the law in New Mexico by *Cordova,* 109 N.M. at 217, 784 P.2d at 36. *See* Rule 5–211(E), NMRA 1997.

¶ 4 The first prong of the test requires that the affidavit include a factual basis for the information furnished, so that the judge may make an independent determination of probable cause. *Cordova,* 109 N.M. at 213, 784 P.2d at 32. This prong is also known as the "basis of knowledge" test. *Id.* The second prong of the test establishes the credibility of the informant based upon facts presented in the affidavit and is known as the "credibility" or "veracity" test. *Id.* The second prong is satisfied in one of two ways—either the informant is inherently credible or the information from the informant is credible on this particular occasion. *State v. Barker,* 114 N.M. 589, 591, 844 P.2d 839, 841 (Ct.App.1992).

¶ 5 In the case on appeal, the trial court found that the search warrant was defective upon its face because the "affidavit standing alone did not adequately state the informant's basis of knowledge of the allegations,"

thus failing to meet the first prong of the *Cordova (Aguilar–Spinelli)* test. The trial court also stated that the controlled buy failed to corroborate the evidence.

¶ 6 We review on appeal whether the affidavit supports the issuance of the search warrant when given a common sense reading. *State v. Lovato,* 118 N.M. 155, 158, 879 P.2d 787, 790 (Ct.App.1994). Appellate courts, like magistrates, consider affidavits in support of search warrants as a whole. *State v. Snedeker,* 99 N.M. 286, 290, 657 P.2d 613, 617 (1982). Probable cause "must be established from within the four corners of the affidavit tendered in support of the warrant." *Barker,* 114 N.M. at 590, 844 P.2d at 840; *see Snedeker,* 99 N.M. at 290, 657 P.2d at 617.

¶ 7 The trial court found similarities to the *Cordova* case which Defendants argue controls in this instance. Defendants state that "the affidavit in the instant case fails in the same way that the affidavit failed in *Cordova;* that is, the affidavit fails to state the basis of the informant's knowledge and the deficiency was not cured by independent corroboration." In *Cordova,* our Supreme Court held that independent police investigation failed to establish the reliability of the informant's report. *Id.* at 217–18, 784 P.2d at 36–37. The confidential informant provided information to the police describing defendant, defendant's residence and vehicle, and stating " 'that through personal knowledge, several heroin users had been to this residence.' " *Id.* at 212, 784 P.2d at 31. The Supreme Court found that the affidavit failed to give any indication of how the informant had acquired the information, thus failing to satisfy the "basis of knowledge" prong. *Id.* at 218, 784 P.2d at 37. The Court then examined whether the independent police investigation established the reliability of the informant's report. *Id.* The police's independent corroboration only verified the informant's description of the house and car. *Id.* at 218–19, 784 P.2d at 37–38. The case on appeal is different, however, because the confidential informant made the controlled buy; it was not independent police work.

¶ 8 In *Barker,* this Court held that first-hand observations by an informant met

the "basis of knowledge" prong of the *Cordova* (*Aguilar–Spinelli*) test. *Barker*, 114 N.M. at 591, 844 P.2d at 841. In that case, the search warrant stated that the informant had been inside the defendant's home and " 'did observe first hand the defendant selling marihuana' " on several occasions. *Id.* The informant was an admitted drug user. *Id.* We stated that the affidavit in that case contained an adequate basis for the informant's knowledge. *Id.* The warrant in *Barker* failed because it did not meet the "credibility/veracity" prong of the *Cordova* ( *Aguilar–Spinelli* ) test. *Barker*, 114 N.M. at 593–94, 844 P.2d at 843–44. Here, the controlled buy establishes the informant's "basis of knowledge" through the informant's firsthand knowledge of the presence of heroin, not as corroboration to establish veracity.

¶ 9 In the case on appeal, without the controlled buy, the issuing judge would have been correct to deny the issue of the search warrant (and the trial court correct to suppress evidence seized as a result) because the affidavit would not have provided sufficient probable cause. The controlled buy established the informant's "basis of knowledge" through the informant's first-hand knowledge of the presence of heroin. The controlled buy supplied the informant with additional knowledge which the informant reported to the affiant police officer. It was not necessary to corroborate or establish the confidential informant's veracity for as we later discuss, the affidavit independently demonstrates the inherent credibility of the informant.

■ ¶ 10 The controlled buy also bears on the confidential informant's credibility and thereby addresses both prongs of the *Cordova* (*Aguilar–Spinelli* ) test. When the judge issuing the warrant looks at the affidavit as a whole, *Cordova*, 109 N.M. at 216, 784 P.2d at 35, information about a controlled buy reduces the uncertainty and risk of falsehood about the information provided by the informant. *See* 2 Wayne R. LaFave, *Search and Seizure* § 3 .3(f), at 172–75 (3d ed.1996).

■ ¶ 11 Defendants argue that since the affidavit is void of the word "observed" or the phrase "personally observed," the in-

formant did not make a first-hand observation as in *Barker*. A magistrate or judge looks at the affidavit as a whole, however, and may make reasonable inferences in determining the existence of probable cause. *Cordova*, 109 N.M. at 216, 784 P.2d at 35; *Snedeker*, 99 N.M. at 290, 657 P.2d at 617. Our Supreme Court in *Cordova* reiterated the Court's long-standing recognition that on issues of probable cause to support a warrant:

> "(1) only a probability of criminal conduct need be shown; (2) there need be less vigorous proof than the rules of evidence require to determine guilt of an offense; (3) common sense should control; [and] (4) great deference should be shown by courts to a magistrate's determination of probable cause."

109 N.M. at 216, 784 P.2d at 35 (quoting *Snedeker*, 99 N.M. at 290, 657 P.2d at 617). "All direct and circumstantial evidence alleged, as well as all reasonable inferences to be drawn from those allegations, should be considered." *Snedeker*, 99 N.M. at 290, 657 P.2d at 617. Additionally, the Supreme Court in *Cordova* emphasized that " 'technical requirements of elaborate specificity have no proper place in a court's evaluation.' " 109 N.M. at 216, 784 P.2d at 35 (quoting *State v. Perea*, 85 N.M. 505, 507, 513 P.2d 1287, 1289 (Ct.App.1973)).

■ ¶ 12 In this case, while the search warrant does not contain the words "first-hand observation," the affidavit describes a controlled buy in which the informant entered the residence with some money and no drugs and came out of the residence a few minutes later with drugs and no money. The informant stated that he had purchased the packet of suspected heroin from Defendant Sam Lujan. The informant then turned over the packet of suspected heroin to the police. The informant saw or perceived the facts asserted. The affiant police officer stated the details of his own and the informant's observations during the controlled buy in his affidavit. When we view the affidavit as a whole, the officer's observations about the informant round out those of the informant, and the judge can infer sufficient first-hand knowledge. The first-hand observation of

the informant satisfies the "basis of knowledge" prong; the words "observed" or "personally observed" are not required as technical formalities in all cases to establish first-hand knowledge. When, as in this case, first-hand knowledge naturally and logically flows from a common-sense reading of the affidavit, that will suffice.

¶ 13 We now focus on whether the information in the affidavit satisfies the second prong of the *Cordova* (*Aguilar–Spinelli*) test. The State argues on appeal that the affidavit provided enough detail to establish the credibility of the confidential informant. We agree.

¶ 14 The affidavit contains a statement establishing the confidential informant's proven track record. Defendants do not challenge the confidential informant's credibility. In *Cordova*, our Supreme Court found a confidential informant to be inherently credible based upon the statement " '[t]hat Said Informant has furnished information to Affiant in the past which Affiant did find to be true and correct through personal knowledge and investigation.' " 109 N.M. at 212, 784 P.2d at 31.

¶ 15 The affidavit in the case on appeal provided substantially more information than the affidavit in *Cordova*. The affidavit stated that the confidential informant has provided information in the past "which has resulted in the seizures of quantities of illegal narcotics which have resulted in the convictions." *See State v. Cervantes*, 92 N.M. 643, 647, 593 P.2d 478, 482 (Ct.App.1979) (affidavit's recitation that informant had given accurate information concerning criminal activities in the past is sufficient to support magistrate's finding of credibility); *cf. State v. Therrien*, 110 N.M. 261, 263, 794 P.2d 735, 737 (Ct.App. 1990) (police officer's statement that "he knew the informant 'to be reliable' " is insufficient to establish credibility), *overruled on other grounds by Barker*, 114 N.M. at 594, 844 P.2d at 844. The details provided in the affidavit are sufficient to support the confidential informant's inherent credibility, thereby satisfying the second prong of the *Cordova* (*Aguilar–Spinelli*) test.

¶ 16 Defendants also claim that *Lovato* controls because the affidavit here is very similar to the affidavit in *Lovato*. *Lovato* does not control the outcome of this case. In *Lovato*, this Court found that the "affidavit fail[ed] to permit a reasonable inference" that defendants resided at the premises and was stale because of the nature of rapid turnover of motel rooms. *Id.* at 158, 879 P.2d at 790. The facts in this case involve a residence, an observation by police of the family name on the residence, a controlled buy establishing the presence of heroin, and information from an informant as to the individual who allegedly sold the heroin in the controlled buy. There was sufficient information in the affidavit for the magistrate to infer probable cause.

¶ 17 For the foregoing reasons, we hold that the affidavit provided the issuing judge with sufficient information to meet both the "basis of knowledge" and the "credibility" prongs of the *Cordova* (*Aguilar–Spinelli*) test and that the issuing judge had probable cause to issue the warrant. Therefore, we reverse the district court's order suppressing the evidence and remand for further proceedings.

¶ 18 **IT IS SO ORDERED.**

FLORES and BOSSON, JJ., concur.