This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                 **NO. 29,842**

**RAYMUNDO MASO,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Neil C. Candelaria, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Office of Craig C. Kling
Craig C. Kling
San Diego, CA

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

     The State appeals the suppression of evidence obtained as the result of a search

pursuant to a warrant. We proposed to reverse the suppression order. Defendant has timely responded. We have considered his arguments and not being persuaded, we reverse.

Defendant argues that the State's arguments were not preserved. We disagree. The State's response to Defendant's motion to suppress argued that the affidavit for search warrant provided information that was gathered from a confidential informant, as well as the affiant's own observations. [RP 43] Further, the State argued that the information was credible and reliable and that the affidavit established probable cause. [RP 43-44] We conclude that the State's arguments in support of the issuance of the search warrant were properly raised below.

In our notice, we pointed out that we review, not the conclusion of the district court, but the finding of probable cause to issue the warrant. Thus, the "issuing court's determination of probable cause must be upheld if the affidavit provides a substantial basis to support a finding of probable cause." *State v. Williamson*, 2009-NMSC-039, ¶ 29, 146 N.M. 488, 212 P.3d 376. We do not substitute our judgment for that of the issuing magistrate. *Id.* Nor do we rubber-stamp the decision of the issuing court. *See id.* ¶ 30. "However, if the factual basis for the warrant is sufficiently detailed in the search warrant affidavit and the issuing court 'has found probable cause, the [reviewing] courts should not invalidate the warrant by

interpreting the affidavit in a hypertechnical, rather than a commonsense, manner.'" *Id.* (alteration in original) (internal quotation marks and citation omitted). Applying this standard of review, we proposed to conclude that the affidavit for search warrant provided a substantial basis to support a finding of probable cause.

Defendant continues to argue that the affidavit did not supply sufficient factual specificity to establish probable cause that evidence of trafficking would be found at his residence. First, he argues that there is no nexus between the past drug purchasing activity by the confidential informant (Informant) and the presence of cocaine at the location to be searched. It appears that Defendant is arguing that because Informant did not state that he had recently seen cocaine in Defendant's apartment, there was insufficient basis to conclude that there would be evidence of trafficking in the apartment. We do not believe that such a statement is the only way to establish that evidence of the crime will be found at the apartment.

Informant stated that Defendant and his brother were selling cocaine. He stated that they did so by delivering it from their supply, which they kept at the apartment. [RP 48] Informant called Defendant and ordered some cocaine, which Defendant agreed to provide. The police officer watched the apartment and observed Defendant drive away. He followed and observed Defendant meet with another man and conduct a "hand to hand transaction." The officer stated that, in his experience, the behavior

3

was consistent with drug trafficking. [RP 49] Informant's statements about how Defendant conducts his business and the police officer's observations consistent with those statements provide a substantial basis to believe that Defendant is trafficking cocaine from his residence.

Defendant argues that this information might provide substantial basis to search his vehicles as he makes his sales by delivering them away from his residence. We believe, however, that a reasonable inference could be made that Defendant is conducting his business from his residence as he takes his calls there and then drives away to meet his customers to complete the transactions. *State v. Snedeker*, 99 N.M. 286, 290, 657 P.2d 613, 617 (1982) (stating that reasonable inferences may be drawn from evidence alleged in the affidavit for search warrant). Defendant argues that the affidavit relied on the conclusory statement of Informant about drugs being located in the apartment. He contends that the cases relied on in our notice do not support the use of such a conclusory statement to support probable cause. Rather, he argues, Informant needed to have seen the drugs in the apartment. [MIO 5-6]

There is nothing in our cases requiring that level of certainty. As we stated above, reasonable inferences can be made from what is known. It is clear that the words "observed" or "personally observed" are not required as technical formalities in all cases to establish first-hand knowledge. *State v. Lujan*, 1998-NMCA-032, ¶ 12,

4

124 N.M. 494, 953 P.2d 29 (filed 1997). First-hand knowledge can naturally and logically flow from a common-sense reading of the affidavit. We believe that it is reasonable to conclude that Defendant keeps a supply of drugs at his home, as Informant could call him at home and get delivery whenever he wanted.

Second, Defendant argues that there is nothing in the affidavit to support the conclusion that he lived at the address stated in the affidavit. He contends there is no basis for that knowledge in the affidavit. We disagree. Informant stated that he has known Defendant for six months. He stated that Defendant lived at the address. The investigating police officer also stated that Defendant lived at the address. The officer watched Defendant leave the apartment and engage in what appeared to be a drug transaction. The officer had also found motor vehicle records indicating that Defendant's brother lived at the address. Again, specificity is not needed to establish the basis of knowledge. Rather, we must view the affidavit as a whole. We think it a logical conclusion that Informant would know where Defendant lived after six months of obtaining drugs from him. Further, the police officer's observation of Defendant leaving the apartment after getting a call to deliver some drugs indicates some connection to the place.

We conclude that the affidavit for search warrant provided a substantial basis to support a finding of probable cause that evidence of drug trafficking would be

found in Defendant's apartment.  For the reasons stated herein and in the notice of proposed disposition, we reverse the suppression order.

**IT IS SO ORDERED**.

_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**ROBERT E. ROBLES, Judge**