This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        **No. 33,951**

**DWAYNE MORRIS TAYLOR,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**WILLIAM G. SHOOBRIDGE, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Kenneth H. Stalter, Assistant Attorney General
Albuquerque, NM

for Appellee

Jose A. Alvarado, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant appeals his convictions for trafficking a controlled substance by possession with intent to distribute and possession of drug paraphernalia. His

convictions were based on evidence obtained in the course of a search of an apartment. Defendant raises three issues. First, Defendant contends the district court erred in denying his motion to suppress by which he challenged the sufficiency of the affidavit to establish probable cause for the issuance of the search warrant. Second, Defendant argues that a police officer was improperly permitted to testify as an expert witness. Third, Defendant asserts that a photograph of a document was improperly admitted into evidence. For the reasons that follow we reject Defendant's assertions of error and affirm.

**DISCUSSION**

**Probable Cause to Issue the Warrant**

{2}     On November 2, 2012, Agent Clayton of the Lea County Drug Task Force (Affiant) prepared an affidavit seeking a warrant to search 212 South Shipp Street, Apartment 6, in Hobbs, New Mexico (the Location). The affidavit specified that within the preceding forty-eight hours he had received information from a confidential informant (the CI) who had provided reliable information on two or more prior occasions, which had led to the investigation and arrest of persons involved with illicit drugs. The CI had advised Affiant that Defendant was selling crack cocaine from the Location, and indicated that he/she was willing to participate in a controlled buy. To that end, Affiant and two other law enforcement officers subsequently met with the

CI and searched him/her for controlled substances and currency. After finding neither, the CI was given currency. The officers then followed the CI to the Location. The CI was observed entering and emerging from the Location. The officers then followed the CI directly to a predetermined end point, where the CI produced a substance that ultimately proved to be crack cocaine. The CI told Affiant that the crack cocaine was purchased from Defendant at the Location. The CI was once again searched and no other money or contraband was found on his/her person.

{3}     Upon consideration of the foregoing information, a judge issued the requested search warrant. When officers executed the warrant they found and seized a variety of incriminating items. Defendant, who was present at the time, was the sole occupant.

{4}     Defendant moved to suppress all the evidence seized in the course of the search on grounds that the affidavit provided inadequate support for a finding of probable cause. The district court denied the  motion. Defendant challenges this ruling on appeal.

{5}     The issuance of a search warrant is reviewed under a substantial basis standard. *State v. Williamson*, 2009-NMSC-039, ¶¶ 29-30, 146 N.M. 488, 212 P.3d 376. "[W]hen an application for a search warrant is based on an affidavit, the affidavit must contain sufficient facts to enable the issuing magistrate independently to pass judgment on the existence of probable cause." *Id.* ¶ 30 (internal quotation marks and

citation omitted). Our "review is limited to the contents of the affidavit." *State v. Nyce*, 2006-NMSC-026, ¶ 8, 139 N.M. 647, 137 P.3d 587, *holding limited by Williamson*, 2009-NMSC-039, ¶ 29 n.1. We do not substitute our judgment for that of the issuing court. *Williamson*, 2009-NMSC-039, ¶ 29. Rather, "the reviewing court must determine whether the affidavit as a whole, and the reasonable inferences that may be drawn therefrom, provide a substantial basis for determining that there is probable cause to believe that a search will uncover evidence of wrongdoing." *Id.*

{6} As previously described, the affidavit contained a number of hearsay statements of the CI. Rule 5-211(E) NMRA provides that hearsay may supply a proper basis for the issuance of a warrant, "provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished." *See State v. Cordova*, 1989-NMSC-083, ¶ 6, 109 N.M. 211, 784 P.2d 30 (observing that the allegations of an informant cannot provide probable cause to issue a search warrant unless both the basis of the informant's knowledge and the veracity or credibility of the informant are demonstrated).

{7} There appears to be no dispute about the adequacy of the factual basis for the CI's knowledge in this case. The affidavit clearly reflects that the information supplied by the CI was based on first-hand experience, gained by virtue of his/her direct interaction with Defendant. *See State v. Lujan*, 1998-NMCA-032, ¶ 12, 124 N.M. 494,

4

953 P.2d 29 (observing that when "first-hand knowledge naturally and logically flows from a common-sense reading of the affidavit, that will suffice"). This is sufficient to satisfy the basis of knowledge requirement. *See, e.g.*, *State v. Whitley*, 1999-NMCA-155, ¶ 4, 128 N.M. 403, 993 P.2d 117 (holding that the basis of knowledge requirement was met where, among other considerations, the informant personally observed the defendant); *Lujan*, 1998-NMCA-032, ¶¶ 9, 12 (holding that a controlled buy supplied first-hand knowledge).

**{8}** The parties differ with respect to the CI's credibility. An informant's credibility or veracity may be established in a variety of ways. *See In re Shon Daniel K.*, 1998-NMCA-069, ¶ 12, 125 N.M. 219, 959 P.2d 553. In this case, the CI's credibility was established in part by virtue of his/her provision of information that had led to arrests and criminal convictions in the past. This is meaningful. *See State v. Vest*, 2011-NMCA-037, ¶¶ 17-18, 149 N.M. 548, 252 P.3d 772 (observing that previous performance supports credibility if the affidavit indicates that the informant actually provided accurate information to law enforcement in the past). Additionally, the information initially supplied by the CI about Defendant's drug trafficking activities at the Location was clearly and directly corroborated by the carefully arranged and monitored controlled buy. This is sufficient to establish veracity. *See Lujan*, 1998-NMCA-032, ¶ 10 (observing that a controlled buy bears upon the credibility of a

confidential informant, insofar as it "reduces the uncertainty and risk of falsehood about the information provided by [an] informant"); *see* 2 Wayne R. LaFave, *Search & Seizure* § 3.3(f), at 225-27 (5th ed. 2012) (observing that "corroboration will suffice to show veracity [where an informant] has cooperated closely with the police, [such as] when the informant makes a controlled purchase of narcotics").

{9} We understand Defendant to suggest that Affiant's failure to express personal belief that the CI was truthful should be regarded as a deficiency. However,  in this context, objective reasonableness is the polestar.  *See Nyce*, 2006-NMSC-026, ¶ 11. Insofar as the affidavit was submitted to enable the judge to make an "informed, deliberate, and *independent* determination of probable cause," subjective expressions of personal belief in the informant's credibility would serve little purpose. *Lujan*, 1998-NMCA-032, ¶ 3 (emphasis added).

{10} We conclude that the affidavit provided the issuing judge with sufficient information to establish both the basis of the CI's knowledge and the CI's credibility, such that the warrant was supported by probable cause. The motion to suppress was therefore properly denied.

**Expert Testimony**

{11} At trial the State proffered Agent Wester, deputy commander of the Lea County Drug Task Force, as an expert in illegal narcotics trafficking, specifically with respect

6

to distinguishing conditions that are consistent with personal use from conditions that are consistent with trafficking. The district court ultimately concluded that the State laid an adequate foundation to admit his testimony. Defendant challenges this determination on appeal, contending that the district court erred in qualifying him as an expert.

**{12}** We addressed a similar challenge in *State v. Rael-Gallegos*, 2013-NMCA-092, 308 P.3d 1016. Applying Rule 11-702 NMRA, we observed that testimony of this nature is based on specialized knowledge. *Rael-Gallegos*, 2013-NMCA-092, ¶¶ 18, 20. Accordingly, the relevant inquiry is whether Agent Wester's "knowledge and experience were sufficient to support a determination that [his] conclusions regarding the distinction between personal use amounts versus trafficking amounts of crack cocaine may be trusted." *Id.* ¶ 21.

**{13}** Agent Wester testified that he had served with the Lea County Drug Task Force since 2008, and had become deputy commander in 2012. He had received basic narcotics training, had studied interdiction, and undertaken advanced undercover training. In addition to his formal training, Agent Wester testified about his extensive experience as a task force member. He learned about narcotics use and trafficking in the course of investigating and interviewing the four to five hundred people who he had arrested for narcotics offenses, as well as other narcotics offenders arrested by his

fellow officers and informants with whom he had worked. He testified that these interviews taught him how narcotics are bought and sold, specifically regarding cocaine, as well as how much individuals personally used, what they could afford, and what they would keep on hand.

{14}     We have previously upheld the qualification of a law enforcement officer as an expert witness on an analogous showing of knowledge and expertise. *See id.* ¶¶ 18-25 (holding that a law enforcement officer with extensive knowledge and experience relative to narcotics  offenses was properly qualified to testify as an expert on the distinction between possession of quantities consistent with personal use and possession of quantities consistent with trafficking). Defendant makes no effort to draw any meaningful distinction between the State's showing in *Rael-Gallegos* and in this case. We conclude that the district court did not abuse its discretion in determining that the witness demonstrated sufficient knowledge and experience to testify as an expert in distinguishing between possession of quantities consistent with personal use and trafficking. *See State v. Bullcoming,* 2010-NMSC-007, ¶ 28, 147 N.M. 487, 226 P.3d 1 ("Whether a witness possesses the necessary expertise or a sufficient foundation has been established to permit a witness to testify as an expert witness is a matter entrusted to the sound discretion of the trial court. Absent an abuse of discretion, a reviewing court will not disturb the trial court's decision to accept or

reject such testimony." (citation omitted)), *rev'd on other grounds sub nom. Bullcoming v. N.M.*, 131 S. Ct. 2706 (2011).

{15} Defendant contends that the admission of Agent Wester's testimony, specifically his official opinion about Defendant's guilt, impermissibily "invaded the province of the jury, whose duty it was to arrive at its own opinion, based on the actual evidence." However, we find no indication that Agent Wester expressed any opinion on Defendant's guilt. Although he opined that the evidence obtained in the course of the search was consistent with trafficking rather than personal use, he explained the basis for that opinion, and the jury was ultimately free to give his testimony whatever weight it saw fit. *See, e.g.*, *Rael-Gallegos*, 2013-NMCA-092, ¶ 34 (observing that the jury was "free to accept or to reject" analogous expert testimony); *see State v. Alberico*, 1993-NMSC-047, ¶ 37, 116 N.M. 156, 861 P.2d 192 ("The jury is not required to accept expert opinions as conclusive[.]"). Accordingly, we reject Defendant's assertion that the district court abused its discretion in admitting Agent Wester's testimony. *See id.* (recognizing that it is error to exclude expert testimony where "excluding that evidence vitiates the most basic function of a jury to arbitrate the weight and credibility of evidence").

**Documentary Evidence**

**{16}** At trial the State introduced a photograph of a document, entitled "Rental Application," which was found in the kitchen at the Location when the search warrant was executed. The top portion of the photographed document reflected that "Taylor, Morris" had applied to rent "212 S. Shipp #6" for $650 per month. The bottom portion of the document was not complete. Defendant objected, contending that the document constituted inadmissible hearsay. The State countered that it was not offered to prove the truth of the matter asserted. The district court overruled the objection and admitted the document into evidence. Defendant contends that the district court erred.

**{17}** In the case of *State v. Sedillo*, a similar situation was presented. 2014-NMCA-039, 321 P.3d 152, *cert. denied* 2014-NMCERT-003, 324 P.3d 375. A photograph of documents addressed to the defendant and relating to telephone service was admitted over a hearsay objection. On appeal, the *Sedillo* court concluded that the evidence in question was admitted not for the truth of the matter asserted, but rather as circumstantial evidence that the defendant exercised control over the room where the documents and the drugs were located. *Id.* ¶ 9. We noted that similar evidence had previously been deemed admissible non-hearsay in other cases, when offered for the legitimate purpose of establishing a defendant's exercise of control over a particular location where drugs are found. *Id.* ¶ 10.

10

**{18}** Applying *Sedillo*, we conclude that the photograph of the rental application bearing Defendant's name was properly admitted for a valid purpose as non-hearsay, insofar as the presence of such a personal document provided circumstantial evidence of Defendant's control over the apartment where the drugs were found. *See id.*; *see, e.g.*, *State v. Brietag*, 1989-NMCA-019, ¶ 14, 108 N.M. 368, 772 P.2d 898 ("The presence of drugs in a drawer in [the] defendant's bedroom, when [the] defendant's papers were also in the drawer, supports an inference that [the] defendant exercised control over the drawer's contents and knew the drugs were present.").

**{19}** We understand Defendant to contend that a different result is warranted in this case because the State's claimed non-hearsay purpose materially relied upon the truth of the statements contained in the photograph of the rental application. He argues that the relevance of the photographs of the documents was established through the documents own assertion that Defendant agreed to rent the apartment. We disagree. A similar argument was rejected in *Sedillo*. *See* 2014-NMCA-039, ¶ 11. "Although this personal correspondence included [the d]efendant's name, its proposed use was not solely to identify [the d]efendant. Instead, the correspondence documents were used for the separate and legitimate purpose of establishing the location where [the d]efendant kept his personal belongings and correspondence." *Id.* Stated another way, the mere presence of the personal documents in the location supplies circumstantial

11

evidence of control, thereby rendering it relevant regardless of its content. As such, we conclude that the photographs were properly admitted as non-hearsay. *See id.*

**CONCLUSION**

{20}    For the foregoing reasons,  we  affirm Defendant's convictions.

{21}    **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**