This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                         **No. 35,195**

**DAVID BELKNAP,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Laura E. Horton, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

{1} A search warrant was executed upon Defendant's home, based on information provided by an unnamed confidential informant. The search resulted in the discovery of marijuana, digital scales, pipes, mason jars, and three firearms, and Defendant was charged with possession with intent to distribute marijuana, and possession of drug paraphernalia.

{2} After the district court denied Defendant's motion to suppress the evidence discovered under the search warrant, Defendant entered into a conditional plea, reserving his right to appeal the district court order.

{3} It is undisputed that Defendant is registered and authorized to possess and grow a limited amount of marijuana under New Mexico's Compassionate Use Act. *See* Lynn & Erin Compassionate Use Act (Compassionate Use Act), NMSA 1978, §§ 26-2B-1 to -7 (2007). It is further undisputed that the officer who submitted the affidavit for search warrant, failed to disclose his knowledge that Defendant had a valid medical marijuana card under the Act to the magistrate judge who issued the search warrant. On appeal, Defendant contends that the affidavit for search warrant fails to establish probable cause. Defendant further argues that if the affidavit is otherwise sufficient, the search warrant is nevertheless invalid because the officer submitting the affidavit omitted facts material to the probable cause determination in reckless disregard for the truth by failing to disclose Defendant's registration and

lawful possession of marijuana under the Act. Defendant also suggests that a police officer has an affirmative duty to investigate whether the target of a marijuana investigation is so licensed under the Act.

{4}     We conclude that the affidavit fails to establish probable cause because it does not contain a satisfactory explanation of the basis of the confidential informant's knowledge, and reverse. In light of our holding, we do not address Defendant's remaining arguments.

## I.     BACKGROUND

{5}     In support of his application for search warrant, Agent Rodney Scharmack submitted an affidavit dated November 15, 2013, based solely on information he had received from a confidential informant. According to Agent Scharmack, the confidential informant, who had proven reliable in the past, had observed "a quantity of [m]arijuana consistent with trafficking or distribution, inside the residence" and on Defendant within the last seventy-two hours. In support of the confidential informant's information, Agent Scharmack explained that the confidential informant was a "self-admitted drug user, and is familiar with narcotics in their appearance, packaging methods, pricing, quantity, methods of ingestion, and distribution methods." Finally, Agent Scharmack's affidavit stated that he learned "from the confidential reliable informant that marijuana distribution is being conducted by the

defendant(s) from the above[-]described location on a regular basis." Despite knowing that Defendant held a valid medical marijuana card issued under the Compassionate Use Act that allowed Defendant to produce limited amounts of marijuana for his own use, Agent Scharmack failed to advise the magistrate court judge of this fact in his affidavit. The magistrate court issued the warrant on November 15, 2013. Six days later, the Otero County Sheriff's Office and the Otero County Narcotics Enforcement Unit served the warrant.

## II.    STANDARD OF REVIEW

{6}    The validity of a search warrant will be upheld if the affidavit supporting the application for the warrant "provides a substantial basis to support a finding of probable cause." *State v. Williamson*, 2009-NMSC-039, ¶ 29, 146 N.M. 488, 212 P.3d 376. When reviewing an application for a warrant, "[a] reviewing court should not substitute its judgment for that of the issuing court." *Id.* Instead, it "must determine whether the affidavit as a whole, and the reasonable inferences that may be drawn therefrom, provide a substantial basis for determining that there is probable cause to believe that a search will uncover evidence of wrongdoing." *Id.* "[T]he substantial basis standard is not tantamount to rubber-stamping the decision of the issuing court and does not preclude the reviewing court from conducting a meaningful analysis of whether the search warrant was supported by probable cause." *Id.* ¶ 30. Rather, the

reviewing court must consider whether the affidavit " 'contain[s] sufficient facts to enable the issuing magistrate independently to pass judgment on the existence of probable cause. Mere affirmance of belief or suspicion [by the affiant] is not enough.' " *Id.* (quoting *State v. Cordova*, 1989-NMSC-083, ¶ 5, 109 N.M. 211, 784 P.2d 30). "While we give deference to a magistrate's decision, and to an officer's observations, experience, and training, their conclusions must be objectively reasonable under all the circumstances." *State v. Haidle*, 2012-NMSC-033, ¶ 13, 285 P.3d 668 (alteration, internal quotation marks, and citation omitted). Further, because our State and Federal Constitutions afford homes the highest level of protection, the presence of objective reasonableness is of tantamount importance when reviewing the search of a home. *Id.*

**III.    DISCUSSION**

{7}      The majority of the parties' briefing before this Court focuses on whether Agent Scharmack's failure to disclose Defendant's valid medical marijuana card registration constitutes a material omission that is sufficient to negate probable cause. Because the effect of a material omission is relevant only if the affidavit otherwise provides a substantial basis from which to determine probable cause, we initially address Defendant's argument that the affidavit was insufficient to give rise to probable cause in the first place.

**A.    Confidential Informant's Information Was Insufficient to Establish Probable Cause**

5

**{8}** Where an affidavit is based on hearsay provided by an unnamed confidential informant, the affidavit must inform the magistrate of "the underlying circumstances from which the informant concluded that the facts were as he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant was credible or his information reliable." *Cordova*, 1989-NMSC-083, ¶ 6 (alteration, internal quotation marks, and citation omitted). Using this criteria, our Supreme Court has created a two-prong test for courts to use when analyzing cases where an application for search warrant depends on an unnamed, confidential informant to establish probable cause. *Id.* ¶¶ 6, 17. This test contains a "veracity" prong and a "basis of knowledge" prong. *Id.* ¶ 6 (internal quotation marks and citation omitted). Defendant argues that the affidavit neither provides evidence of corroboration of the confidential informant's veracity, nor provides a basis of knowledge for the confidential informant's allegations.

**1. Veracity**

**{9}** The veracity prong requires that an affidavit set forth a substantial basis for believing the source is credible. *Id.* ¶ 11. An informant's credibility or veracity may be established through a showing that "the informant has given reliable information to police officers in the past[.]" *In re Shon Daniel K.*, 1998-NMCA-069, ¶ 12, 125 N.M. 219, 959 P.2d 553. Agent Scharmack states that the confidential informant

provided accurate information regarding ongoing drug activity, has participated in controlled purchases of narcotics, and has provided information that was corroborated. The affidavit adds, "information provided by the confidential reliable informant, in the past, has been proven to be accurate[.]" We therefore conclude that the affidavit satisfies the veracity prong. *See State v. Vest*, 2011-NMCA-037, ¶¶ 17-18, 149 N.M. 548, 252 P.3d 772 (recognizing that past performance can be an indicator of veracity when the affidavit states that the informant has provided reliable information to law enforcement in the past).

**2.     Basis of Knowledge**

{10}     To demonstrate a confidential informant's "basis of knowledge," an affidavit must establish a substantial basis for "concluding the informant gathered the information of illegal activity in a reliable fashion." *Cordova*, 1989-NMSC-083, ¶ 11; *accord* Rule 5-211(E) NMRA. "In the absence of underlying circumstances establishing the basis of an informant's conclusion, the affidavit will sufficiently establish probable cause if the informant describes the criminal activity in such detail that a judge will know the informant relies on more than a casual rumor or reputation of the defendant." *State v. Baca*, 1982-NMSC-016, ¶ 18, 97 N.M. 379, 640 P.2d 485. *But see State v. Lujan*, 1998-NMCA-032, ¶ 12, 124 N.M. 494, 953 P.2d 29 (concluding that "basis of knowledge" prong was satisfied where affidavit detailed

confidential informant's actions and statements during and after a controlled buy in such detail that "first-hand knowledge naturally and logically flows from a common-sense reading of the affidavit").

**a.      The Absence of Detail in the Affidavit is Fatal to the Warrant Application**

{11}     The information supplied by the confidential informant and relayed by Agent Scharmack in this case is made up of two generalized conclusions. First, Agent Scharmack states that the confidential informant "observed a quantity of [m]arijuana consistent with trafficking or distribution" both inside the residence and on Defendant's person within the past seventy-two hours. Though it is reasonable to infer from this language that the confidential informant gained first-hand knowledge of the presence of marijuana through observation, there is no information in the affidavit from which to infer the conditions under which the observation was made or what the confidential informant observed. The affidavit lacks any information regarding the quantity of marijuana seen by the confidential informant, other than to say that it was "consistent with trafficking or distribution[.]" The affidavit similarly contains no information about its condition, storage, or packaging, which might support an inference regarding quantity, stage of production, or intent to distribute. Furthermore, this Court has previously recognized that marijuana is a highly consumable item. Without any information as to the quantity observed, the frequency of use, or the rate

of distribution, nothing in the affidavit indicates that possession was continuous in nature. "The greater the uncertainty, the more the probable cause equation requires continuing activity because it is the ongoing nature of the reported illegal activity that allows the inference that the activity is continuing and that the evidence will still exist." *State v. Whitley*, 1999-NMCA-155, ¶ 9, 128 N.M. 403, 993 P.2d 117; *see Baca*, 1982-NMSC-016, ¶ 18; *Lujan*, 1998-NMCA-032, ¶ 12.

{12}     The informant's second general conclusion that "marijuana distribution is being conducted by the defendant(s) from the above-described location on a regular basis," is also deficient. The affidavit states that the confidential informant observed marijuana in the last seventy-two hours but is silent as to the time frame for the alleged distribution. Even if we assume the alleged distribution took place during the same time frame, the affidavit is devoid of any factual detail of what the confidential informant saw or heard that led the confidential informant to conclude "distribution [was] being conducted" by Defendant. Again, the affidavit contains no information about any drug transactions the confidential informant allegedly witnessed, the frequency of the alleged distribution, or the quantities sold. The only detail provided is a vague reference to sales occurring "on a regular basis," with no explanation of the meaning of that phrase.

9

**{13}** These conclusory statements set out by Agent Scharmack in the affidavit without any context or explanation of the method through which the information was discovered provide little assistance to the court in establishing probable cause. *See Baca*, 1982-NMSC-016, ¶ 18 ("[T]he fact that [an] informant stated that the defendant was known by the informant to be involved in [marijuana distribution] is but a bald and unilluminating assertion of suspicion that is entitled to no weight in appraising the (judge's) decision." (internal quotation marks and citation omitted)). Agent Scharmack related that the confidential informant was familiar with the "appearance, packaging methods, pricing, quantity, methods of ingestion, and distribution methods" of narcotics without explaining how the confidential informant's observations at the home were consistent with that knowledge. There is no information in the affidavit to support the conclusory statement that "distribution is being conducted" that was "not created at some level with supposition, inference, or unsupported hunch or transmitted from one hearsay source to another by unfounded rumor." *Haidle*, 2012-NMSC-033, ¶ 24; *Baca*, 1982-NMSC-016, ¶ 19 ("Even assuming that the information provided did describe criminal activity, the detail was insufficient to apprise the judge that the informant was not relying on rumor or reputation.").

**{14}** While "detailed description may compensate for an inability to show [an] informant's basis of knowledge[,]" the affidavit in this case is devoid of any

10

information which would assure the magistrate court of the reliability of the informant's knowledge. *Haidle*, 2012-NMSC-033, ¶ 25 (internal quotation marks and citation omitted). Rather than providing a description of activity sufficient to establish the basis of the confidential informant's knowledge, the affidavit's conclusory descriptions simply avoid addressing the important details. The affidavit does not indicate whether Defendant lived in, rented, or was visiting the house to be searched. The affidavit does not include any information concerning the quantity of marijuana in the home. It does not reveal the packaging that the marijuana was being kept in that presumably rendered it susceptible to identification by the confidential informant. It does not include any assertion that the confidential informant observed any paraphernalia in the home. It does not suggest the manner, frequency, or any other details regarding how the distribution allegedly being conducted on the premises was accomplished. Absent such details, we conclude that the affidavit does not adequately set forth the confidential informant's "basis of knowledge" as required by *Cordova*. *See* 1989-NMSC-083, ¶ 6; s*ee also State v. Knight*, 2000-NMCA-016, ¶ 18, 128 N.M. 591, 995 P.2d 1033 (concluding that the affidavit was insufficient under the "basis of knowledge" prong where it "related hearsay information without providing any information about the manner in which the source of the information had acquired it[,]" and characterizing such information as "unreliable by itself to support the

probable cause determination due to the absence of a description of any underlying circumstances").

{15}   Besides the two generalized conclusions from the confidential informant, the remaining portions of the affidavit contain only broad statements of Agent Scharmack's experience and explanations of behaviors generally associated with narcotics. *See State v. Morales*, 2008-NMCA-102, ¶ 14, 144 N.M. 537, 189 P.3d 670 ("Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person." (internal quotation marks and citation omitted)). Even taken together, all of the information in the affidavit is insufficient to establish probable cause. *See Baca*, 1982-NMSC-016, ¶ 21 ("An aggregate of discrete bits of information, each defective, cannot add up to probable cause.").

**B.    Defendant's Remaining Argument**

{16}   Because the affidavit in this case did not give rise to probable cause, we need not reach the issue of whether Agent Scharmack's omission of facts from the affidavit regarding Defendant's medical marijuana card constitutes a material omission demonstrating a reckless disregard for the truth. *See State v. Fernandez*, 1999-NMCA-128, ¶ 34, 128 N.M. 111, 990 P.2d 224 ("[T]o suppress evidence based on . . . omissions in a search warrant affidavit, the defendant must show . . . reckless

disregard for the truth, as to a material fact." (internal quotation marks omitted)). We only express our concern regarding Agent Scharmack's unilateral decision not to include the fact that Defendant had a right to possess and grow marijuana under the Compassionate Use Act in the affidavit because he "didn't think that was important for [the] search warrant." *See Cordova*, 1989-NMSC-083, ¶ 12 (acknowledging that a police officer's allegations are regarded as "presumably truthful" (alteration omitted); *cf. State ex rel. Bliss v. Davis*, 1957-NMSC-102, ¶ 2, 63 N.M. 322, 319 P.2d 207 (stating that employees of the State "owe a duty of honesty to and fair dealings with the citizens of the State of New Mexico").

**IV.    CONCLUSION**

{17}    We reverse the district court's denial of Defendant's motion to suppress and remand to the district court for further proceedings and to allow Defendant to withdraw his conditional plea.

{18}    **IT IS SO ORDERED.**

_____
**JULIE J. VARGAS, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

13

_____

**TIMOTHY L. GARCIA, Judge**