This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.                                                        **NO. A-1-CA-36587**

**CHRISTOPHER SHAY MENDEZ, JR.,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Templeman and Crutchfield
Barry C. Crutchfield
Lovington, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Defendant appeals the denial of his motion to suppress. We issued a notice of proposed summary disposition proposing to affirm on October 24, 2017. Defendant

has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**DISCUSSION**

{2} Defendant continues to argue that the search warrant affidavit was deficient because it did not establish the confidential informant's credibility. [MIO 1] *See State v. Steinzig*, 1999-NMCA-107, ¶ 18, 127 N.M. 752, 987 P.2d 409 (stating that a search warrant affidavit must set forth sufficient facts for the issuing judge to independently determine either the inherent credibility of the informants or the reliability of their information); *see also* Rule 5-211(E) NMRA (requiring that when hearsay statements are used to establish probable cause for a search warrant, there must be both a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished).

{3} We will uphold an issuing court's determination of probable cause "if the affidavit provides a substantial basis to support a finding of probable cause." *State v. Williamson*, 2009-NMSC-039, ¶ 29, 146 N.M. 488, 212 P.3d 376. Probable cause to search a specific location exists when there are reasonable grounds to believe that a crime has been committed in that place or that evidence of a crime will be found there. *See State v. Gonzales*, 2003-NMCA-008, ¶¶ 11-12, 133 N.M. 158, 61 P.3d 867. The degree of proof required to establish probable cause to issue a search warrant is less

than a certainty of proof but more than a suspicion or possibility. *State v. Trujillo*, 2011-NMSC-040, ¶ 16, 150 N.M. 721, 266 P.3d 1. "A reviewing court should not substitute its judgment for that of the issuing court [but instead should] determine whether the affidavit as a whole, and the reasonable inferences that may be drawn therefrom, provide a substantial basis for determining that there is probable cause to believe that a search will uncover evidence of wrongdoing." *Williamson*, 2009-NMSC-039, ¶ 29. "[T]he substantial basis standard of review is more deferential than the de novo review applied to questions of law, but less deferential than the substantial evidence standard applied to questions of fact." *Id.* ¶ 30.

{4} Defendant argues that the search warrant affidavit contained no information to show the confidential informant's credibility, although Defendant's concedes that the information contained in the affidavit was sufficient to establish the basis of knowledge prong. [MIO 1, 3] We disagree. In this case, the confidential informant's information that cocaine could be purchased at Defendant's residence was corroborated by police through a carefully monitored controlled buy, which independently established the information. A controlled buy "bears on the confidential informant's credibility and thereby addresses both prongs of the *Cordova* (*Aguilar-Spinelli*) test." *See State v. Lujan*, 1998-NMCA-032, ¶ 10, 124 N.M. 494, 953 P.2d 29 (observing that a controlled buy reduces the uncertainty and risk of falsehood about the information provided by the informant); *see also State v. Knight*,

3

2000-NMCA-016, ¶ 20, 128 N.M. 591, 995 P.2d 1033 (recognizing that information independently corroborated by police may import sufficient veracity to a confidential informant); *see also Steinzig*, 1999-NMCA-107, ¶¶ 23-24 (relying on the fact that police officers independently corroborated various aspects of the information given by the informants through investigation and observation as one factor in concluding that the issuing judge could reasonably find that the veracity of the informants had been properly established).

{5} Defendant also argues that the search warrant affidavit was deficient because the confidential informant was the only person to identify Defendant as the person selling cocaine during the controlled buy, and Officer Shimer's observations of the controlled buy are not sufficient to establish the informant's credibility. [MIO 2-3] We recognize that police did not independently observe Defendant selling cocaine during the controlled buy. However, the search warrant affidavit did not rely on an identification of Defendant in order to establish probable cause. Officer Shimer's personal observation and monitoring of the controlled buy taking place at Defendant's residence was sufficient to establish probable cause to search the residence, apart from the confidential informant's identification of Defendant. *See State v. Evans*, 2009-NMSC-027, ¶ 10, 146 N.M. 319, 210 P.3d 216 (stating that probable cause to search a specific location exists when there are reasonable grounds to believe that a

4

crime has been committed in that place or that evidence of a crime will be found there).

{6} For these reasons, we affirm the district court.

{7} **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

**J. MILES HANISEE, Judge**

_____

**EMIL J. KIEHNE, Judge**