This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                **No. A-1-CA-36604**

**NEIL OCHOA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennet J. Bauer, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Defendant Neil Ochoa appeals from his convictions from a conditional plea and resulting judgment and sentence convicting him of trafficking a controlled substance (possession with an intent to distribute), two counts of possession of a controlled substance (cocaine and morphine sulfate), and two counts of distribution of a controlled substance (ecstasy and psilocybin). [RP 312-17] In his docketing statement, Defendant challenged the district court's denial of his motions to suppress evidence and his motion to disclose the identity of a confidential informant. [DS unnumbered 4] We issued a notice proposing to affirm. [CN 1, 8] Defendant filed a memorandum in opposition and a motion to amend the docketing statement, which we have duly considered. Remaining unpersuaded, we deny Defendant's motion to amend and now affirm.

{2}     Because the pertinent background information and applicable principles have previously been set out, we will avoid unnecessary repetition here and instead focus on the content of the motion to amend and the memorandum in opposition.

{3}     Defendant seeks to amend his docketing statement to add an issue arguing the search of his house was illegal because the warrant had not yet been signed at the time of the search, and the search was not otherwise justified by exigent circumstances. [MIO 14-18] The essential requirements to show good cause for amendment of a docketing statement are: (1) the motion be timely, (2) the new issue sought to be

raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. Defendant neither points out how this issue was properly preserved below nor explains why his argument may be raised for the first time on appeal. The motion to amend the docketing statement is therefore **DENIED**.

**{4}** Defendant continues to argue the search warrant affidavit was not supported by probable cause. [MIO 3-11] Defendant does not challenge the confidential informant's credibility. His argument is based on the assertion that the affidavit was based on rumors about Defendant's activities, and the informant did not provide sufficiently detailed information, including names and dates related to Defendant's previous trafficking activities. [MIO 5-6, 9] Defendant does not explain how the lack of certain facts undermines the informant's basis for knowledge or shows the affidavit lacked a substantial basis to support a finding of probable cause. *State v. Williamson*, 2009-NMSC-039, ¶ 29, 146 N.M. 488, 212 P.3d 376 (stating we will uphold an issuing court's determination of probable cause "if the affidavit provides a substantial basis to support a finding of probable cause").

{5} The basis of the confidential informant's knowledge is adequately established by the affiant's statement that the confidential informant observed Defendant with methamphetamine in his home. *See, e.g.*, *State v. Baca*, 1982-NMSC-016, ¶ 16 (clarifying that an informant's observations or dealings with a defendant can provide the requisite factual basis); *State v. Lujan*, 1998-NMCA-032, ¶¶ 8,12 (noting that a confidential informant's first-hand knowledge satisfies the basis of knowledge prong). Because the affidavit establishes a factual basis without considering the officer's reliance on unnamed informants and officers, we need not consider whether those statement corroborated the factual basis for the confidential informant's knowledge.

{6} Defendant also asserts evidence suppressed in an unrelated case in which Defendant was arrested for possession of a controlled substance could not be used to corroborate information from the informant. [MIO 10-11] We first point out issues regarding evidence suppressed in a separate case are not part of the record in this case. "[R]eference to facts not before the district court and not in the record is inappropriate and a violation of our Rules of Appellate Procedure." *Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145 N.M. 694, 204 P.3d 19. To the extent Defendant's assertions regarding the separate case, by virtue of his arguments made in support of his motion to suppress, are part of the record in the present case, "[i]t is not our practice to rely on assertions of counsel unaccompanied by support in the record. The

mere assertions and arguments of counsel are not evidence." *Chan v. Montoya*, 2011-NMCA-072, 150 N.M. 44, 256 P.3d 987 (internal quotation marks and citation omitted). Moreover, Defendant does not provide any explanation or authority in support of his assertion that evidence suppressed in a separate case cannot be used to corroborate the Informant's observations in the present case. "[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists." *State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129.

{7}     Defendant further argues the affiant was not credible in the present case because his testimony had been determined not credible in an unrelated case. [MIO 13-14] Although this argument appears under the argument heading related to the identity of the informant, because it relates to probable cause for the warrant, we address it out of order. "A reviewing court should not substitute its judgment for that of the issuing court [but instead should] determine whether the affidavit as a whole, and the reasonable inferences that may be drawn therefrom, provide a substantial basis for determining that there is probable cause to believe that a search will uncover evidence of wrongdoing." *Williamson*, 2009-NMSC-039, ¶ 29. Because we do not substitute our judgment regarding credibility for the district court's, and having considered the affidavit as a whole, we conclude the affidavit was supported by probable cause.

{8}     Defendant also continues to argue the district court erred in denying his motion to disclose the identity of the informant. [MIO 11-14] Defendant argues the informant's testimony was vital to his defense, and Defendant wished to question the informant about the times he was alleged to have been in Defendant's house. [MIO 12] However, as Defendant notes and we point out in our proposed disposition, Defendant learned the informant's identity prior to trial. [DS unnumbered 3; CN 7] Thus, it appears Defendant had the opportunity to interview the informant and to seek to have him testify at trial, and it is unclear why Defendant did not pursue such a course. *State v. Fernandez*, 1994-NMCA-056, ¶ 13, 117 N.M. 673, 875 P.2d 1104. ("In the absence of prejudice, there is no reversible error."). Moreover, the denial of Defendant's motion to disclose the identity of the informant became moot once he learned of the identity. Generally, an appellate court will not decide a case when it has become moot. *See State v. Lope*, 2015-NMCA-011, ¶ 11, 343 P.3d 186. Therefore, the district court's denial of the disclosure of the informant's identity does not present a basis for reversal on appeal.

{9}     Accordingly, for the reasons explained in our notice of proposed disposition and herein, we affirm.

{10}    **IT IS SO ORDERED.**

$$\text{M. MONICA ZAMORA, Judge}$$

**WE CONCUR:**

**EMIL J. KIEHNE, Judge**

**JENNIFER L. ATTREP, Judge**